IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARRICKIO DYSHON HARRIS,

Plaintiff,

vs.

ROB JEFFREYS;

Defendant.

8:24CV500

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marrickio Dyshon Harris'
("Petitioner") Motion for Extension of Brief Due Date, Filing No. 11. Petitioner
requests that his deadline to file a responsive brief be extended by 30 days.
Upon consideration, the Court concludes the Motion for Extension will be
granted. Also before the Court is Petitioner's Motion Requesting Additional
State Court Records, Filing No. 12, which, for the reasons that follow, will be
denied.

## I.  BACKGROUND

A brief recitation of the background of this case is helpful. On August
18, 2018, officers with the Lincoln Police Department's bike patrol unit
arrested Petitioner for possessing cocaine, crack cocaine, marijuana, and drug
paraphernalia in his vehicle. Filing No. 8-3 at 7-8. Petitioner was
subsequently charged with possession with intent to deliver 10 to 27 grams of
cocaine, possession with intent to deliver cocaine base, and possession of money
in relation to a drug offense. Filing No. 8-3 at 2. Petitioner was found guilty
by a jury on all three counts. Filing No. 8-3 at 8. The state district court
sentenced Petitioner to 15 to 20 years of imprisonment on each drug possession

charge and 10 to 12 years of imprisonment for the drug money offense, with all sentences imposed concurrently.  Filing No. 8-3 at 9.

Relevant to Petitioner's habeas claims, Petitioner sought to represent himself at multiple stages of the pretrial proceedings.  At his January 16, 2019, arraignment, Petitioner, representing himself with stand-by counsel, told the court that he did not understand the charges against him or "[a]ny of it."  Filing No. 8-18 at 17.  At subsequent hearings on March 6 and April 3, 2019, Petitioner asserted various jurisdictional challenges and argued that he had not entered into any "contract" with the court, while simultaneously maintaining his desire to represent himself.  Filing No. 8-18 at 28-35, 39-41. On the morning of trial, after Petitioner again stated that he did not understand his right to counsel and declined to confirm that he was waiving that right, the state district court ruled that it could not permit Petitioner to represent himself.  Filing No. 8-18 at 53-54.  The court appointed stand-by counsel to represent Petitioner and ordered a competency evaluation.  Filing No. 8-18 at 54, 57-58.  The state district court subsequently found Petitioner competent to stand trial, and he proceeded to trial represented by counsel. Filing No. 8-18 at 59-61.

On direct appeal, Petitioner claimed that the state district court erred, inter alia, in prohibiting him from representing himself and that trial counsel was ineffective for failing to adequately communicate with him.  Filing No. 8-5 at 9-10.  The Nebraska Court of Appeals affirmed Petitioner's convictions and sentences, holding that the record reflected Petitioner either truly failed to understand the proceedings or was attempting to obstruct the trial process, and that the record was insufficient to address the ineffective communication claim on direct appeal.  Filing No. 8-3 at 15.  Petitioner sought further review

in the Nebraska Supreme Court, which was denied on December 15, 2020. Filing No. 8-1 at 4.

On January 26, 2022, Petitioner filed a timely motion for postconviction relief in the state district court, raising twenty-eight claims of relief. Filing No. 8-15 at 38; *see also* Filing No. 8-15 at 59-125. The state district court denied the motion without an evidentiary hearing. Filing No. 8-16 at 378. On November 19, 2024, the Nebraska Court of Appeals affirmed. Filing No. 8-4 at 17. The court held that Petitioner's self-representation claim had already been litigated on direct appeal and that all but one of his ineffective assistance of trial counsel claims were procedurally barred because they could have been raised on direct appeal but were not. Filing No. 8-4 at 4-5. Petitioner's remaining ineffective assistance of trial counsel claim asserted that counsel failed to adequately communicate, including communicating plea offers. Filing No. 8-4 at 5. The court concluded this claim was meritless because Petitioner had acknowledged on the record that he received the State's plea offers. Filing No. 8-4 at 6. The Court of Appeals likewise rejected Petitioner's claims that his appellate counsel was ineffective. Filing No. 8-4 at 7-15. Petitioner did not petition the Nebraska Supreme Court for further review. *See* Filing No. 8-2.

This habeas petition followed. Each of Petitioner's habeas claims relate to the fairness of his underlying criminal conviction. *See* Filing No. 4 at 3. In his Motion Requesting Additional State Records, Petitioner asserts that the Respondent's Designation of State Court Records in Support of Answer, Filing No. 8, fails to add or cite the full state court records in support of Respondent's answer. Filing No. 12 at 1. Petitioner argues that without these records, he will be unable to fully contest Respondent's "conclusions of facts and law." *Id*.

Petitioner requests the following records and discovery in support of his habeas claims:

1.   Information of (Case No. CR18-1349), filed on December 6, 2018;

2.   Motion to withdraw in Case No. CR18-1349, filed by Peter K. Blakeslee on May 15, 2019;

3.   Motion for New Trial, for Case No. CR18-1349 and CR-1350, filed by Peter K. Blakeslee on July 18, 2019;

4.   Motion for Return of Seized Property in Case No. 18-1350, filed by Petitioner on or about May 24, 2021;

5.   Order on Motion for Return of Seized Property in Case No. CR18-1350, issued on or about July 22, 2021;

6.   Decision in the appeal to the Nebraska Court of Appeals in Case No. A-21-677, issued on or about October 4, 2022;

7.   Petition for further review and memorandum brief in Case No. A-21-677, filed on or about October 20, 2022, in the Nebraska Supreme Court;

8.   Order denying the petition for further review in the Nebraska Supreme Court, Case No. A-21-677, issued on or about November 7, 2022;

9.   Civil rights complaint for Case No. CI23-1434, filed for "Judicial Notice," on June 5, 2023;

10.  Judicial complaint submitted to the Commission on Judicial Qualifications, also filed for "judicial notice" on June 5, 2023; and

11.  Any issued "court order" that verifies the recusal of district court judge, Jodi L. Nelson, because apparently Nelson was not conducting the hearing on June 5, 2023, due to an alleged recusal, yet Petitioner was not notified.

4

## II. DISCUSSION

The first three items listed appear to already be filed with the Court, captioned under Petitioner's state criminal case number, CR18-1350. Filing No. 8-13 at 36-37, 84-86, 134-136. Although Petitioner identifies the documents requested as filed in "Case No. CR18-1349," no such case exists. Petitioner's state court and appellate records from Petitioner's criminal proceedings in *State v. Harris*, CR18-1350, are available to this court online through the Nebraska state courts' record-keeping system JUSTICE. The Court's review of the JUSTICE system reveals no case with case number CR18-1349, and certainly no case tied to Petitioner with that case number. The lone reference to "CR18-1349" in the transcript appears in the caption for a Praecipe for Subpoena, Filing No. 8-13 at 72, and may be a clerical error.

Petitioner does not explain how the remaining items requested are relevant to his habeas claims. Petitioner's Motion to Expand the Record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

"When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004)). Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the

5

facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

As to the remaining items requested, Petitioner fails to meet the requirements of § 2254(e). Petitioner has not provided sufficient indication as to why the other documents he seeks to add to this case are relevant to his Petition or should be considered by the Court. Items 4 through 8 all relate to Petitioner's motion for return of property, which have no bearing on Petitioner's underlying conviction. Items 9 through 11 appear to relate to a separate civil proceeding. Petitioner makes no connection between the claims remaining in his Petition and the necessity of any of the additional documents. Without some showing of why each of the specific documents is necessary, the Court will not allow the record to be expanded.

IT IS ORDERED:

1.　Petitioner's Motion for Extension of Brief Due Date, Filing No. 11, is granted. Petitioner's brief in response is due on or before **June 8, 2026**.

2.　Petitioner's Motion Requesting Additional State Court Records, Filing No. 12, is denied.

6

3.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 8, 2026**: deadline for Petitioner's brief.

Dated this 7th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7